## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FT. WORTH DIVISION

| | | |
|---|---|---|
| JAMES JOSEPH JULUKE, JR., | ) | |
| an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| INLAND WESTERN NORTH | ) | |
| RICHLAND HILLS DAVIS LP, LLC, | ) | |
| a Delaware Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff, JAMES JOSEPH JULUKE, JR., through his undersigned counsel, hereby files

this Complaint and sues INLAND WESTERN NORTH RICHLAND HILLS DAVIS LP, LLC, a

Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to

42 U.S.C. § 12181 *et seq*., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and

Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*,

(Chapter 121) and alleges:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res.

Code Ann. § 121.001 *et seq*. This Court is vested with original jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other

claims pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the

Defendant's Property, which is the subject of this action, is located in Tarrant County, Texas.

3.      Plaintiff, JAMES JOSEPH JULUKE, JR., (hereinafter referred to as "MR. JULUKE" or "Plaintiff"), is a resident of the State of Texas in Dallas County.

4.      MR. JULUKE is a qualified individual with a disability under the ADA.  In 1994, MR. JULUKE suffered an injury to his spinal cord resulting in trauma to his T-10 vertebrae.  MR. JULUKE is a paraplegic and is disabled.

5.      MR. JULUKE's disability, at all times material hereto, impairs his ability to walk, stand and bend, all major life activities, and requires him to use a wheelchair to ambulate.

6.      Defendant, INLAND WESTERN NORTH RICHLAND HILLS DAVIS LP, LLC, a Delaware Limited Liability Company (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Davis Towne Crossing, generally located at 8528 Davis Boulevard, North Richland Hills, Texas 76180.

7.      All events giving rise to this lawsuit occurred in the Northern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.      The Property, a large shopping center, is open to the public and provides goods and services to the public.

10.     Plaintiff visited the Property and attempted to utilize the facilities offered at the Property and plans to return to the Property in the near future.

2

11.     During his visit, MR. JULUKE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.     MR. JULUKE still desires to visit the Property, but fears that he will again experience serious difficulty due to the barriers/safety hazards discussed herein which still exist.

13.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

> A.     inaccessible parking at Super Target, Cotton Patch Café, and generally throughout the Property due to excessive slopes within the parking spaces designated as accessible;
>
> B.     inaccessible curb cuts at Payless, Super Target, Radio Shack, and generally throughout the Property due to excessive long and cross slopes, excessive side flares, and a general state of disrepair; and
>
> C.     inaccessible routes throughout the Property due to excessive cross and long slopes and a lack of proper handrails.

14.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

**COUNT II**
**(VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)**

19.     Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

22.     Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

23.     Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the federal regulations controlling the ADA known as the ADA Accessibility Guidelines (ADDAG).

24.     Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of least $100 to the person with a disability.

25.     Defendant's barriers to access as discussed herein have denied and continue to

deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the Property owned, leased, leased to and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

F.     That this Court issue a Declaratory Judgment that the Defendant has violated the Chapter 121 of the Texas Human Resources Code.

G.      That this Court orders the Defendant to alter the aforesaid premises to make

such facilities accessible to and usable by individuals with disabilities to the

extent required by the Chapter 121 of the Texas Human Resources Code.

H.      That this Court award Plaintiff Statutory damages from the Defendant

pursuant to Chapter 121 of the Texas Human Resource Code.

I.      That this Court award Plaintiff such other additional and proper relief as

may be just and equitable.

Respectfully Submitted,

By:   */s/ Jeff A. Wells*              .
Jeff A. Wells, Esq.
Texas Bar No. 24056511
Local Counsel
Wells Crosland, PLLC
12225 Greenville Ave., Suite 700
Dallas, Texas 75243
Phone: (214) 810-5529
Fax: (866) 277-4589
jeff@wellscrosland.com

and

Louis I. Mussman, Esq.
Florida Bar No. 597155
Ku & Mussman, P.A.
12550 Biscayne Blvd., Suite 406
Miami, FL 33181
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

*Attorneys for Plaintiff*